```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

TRACY BUSCH,                         :
    Petitioner,                  :     NO. 1:05-cr-00030
                                 :         1:08-cv-00226
                                 :
v.                                   :     **OPINION AND ORDER**
                                 :
                                 :
UNITED STATES OF AMERICA,            :
    Respondent.                  :
                                 :
                                 :

This matter is before the Court on the Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 (doc. 85) and the United States' Response thereto (doc. 90). For the reasons indicated herein, the Court DENIES Petitioner's Motion.

On September 21, 2005, the jury found Petitioner guilty of one count of a felon in possession of a firearm and ammunition under 18 U.S.C § 922(g)(1) and one count of a felon in possession of ammunition under 18 U.S.C § 922(g)(1) (doc. 55). On December 20, 2005, the Court sentenced Petitioner, in accordance with 18 U.S.C. § 924(e), to 300 months jail on both counts, to be served concurrently (doc. 73). On December 28, 2005, Petitioner appealed the judgment to the United States Court of Appeals for the Sixth Circuit (doc. 75), which, on June 7, 2007, affirmed the judgment of the Court (doc. 83).

Petitioner filed the present motion pursuant to 28 U.S.C. § 2255 on March 31, 2008, requesting that the Court reverse

Petitioner's convictions and order a new evidentiary hearing on two grounds (doc. 85). First, Petitioner contends that because the Court required him to wear an electronic physical restraining device ("stun belt") around his leg during his trial, that he was subjected to prejudicial effects and was unable to assist in his defense (Id.).  Petitioner argues that the Court, by requiring him to wear a stun belt during his trial without considering his particular circumstances, erroneously and unconstitutionally impacted his trial (Id.).  Petitioner claims that the threat of the stun belt's electrocution caused him severe anxiety and made him unable to meaningfully assist in his defense, and that thus the Court constructively denied his Sixth Amendment right to counsel (Id.).  Petitioner also argues that the stun belt's presence, as well as his anxiety-altered demeanor, before the jury had a prejudicial impact on their decision (Id.).  Furthermore, Petitioner argues that the  Court erroneously required the stun belt in this case without properly considering and recognizing the elements of Petitioner's individual situation (Id.).

Second, Petitioner avers that his counsel's failure to address the stun belt during trial rendered the counsel's legal assistance insufficient (Id.).

The United States filed a response to Petitioner's motion on April 23, 2008 (doc. 90), arguing that Petitioner's violent background supported the Court's discretionary decision to require

-2-

the stun belt and that Petitioner fails to show that the stun belt had any actual impact on his case's outcome. Regarding Petitioner's counsel, the United States argues that counsel's choice not to raise an issue regarding the stun belt at trial does not render insufficient the legal assistance that he provided (Id.).

Having reviewed this matter, the Court finds the United States' positions well-taken. First, because Petitioner fails to show that either the presence of the stun belt or his anxiety was sufficient to cause a disruption in justice that was a violation of due process, he cannot show any unconstitutional error or prejudice as a result of the stun belt. See Hill v. U.S., 368 U.S. 424, 428 (1968). Petitioner also fails to point to anything other than generalized fear or duress which impaired his Sixth Amendment right to counsel, and therefore the Court finds this argument without merit. With respect to the stun belt's impact on the jury's decision, there is no evidence that the jury was even aware of the stun belt, and thus this argument too is without merit. Finally, with respect to the Court's discretionary requirement of the stun belt in this case, Petitioner's violent background, including three separate violent felonies as well as assaults on police officers and others, fully supported the Court's decision. Petitioner's history, combined with a lack of evidence of any impact that the stun belt had on the proceedings, strongly overcomes Petitioner's

arguments against the Court's decision to require the stun belt. See Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994).

Likewise, the Court finds that Petitioner fails to show that his counsel's decision not to address the stun belt during trial negatively impacted the proceedings or rendered the counsel's assistance inadequate. To show that his counsel's assistance was inadequate, Petitioner must prove that (1) counsel's assistance was objectively deficient according to the Sixth Amendment, and (2) that it is reasonably possible that the proceedings could have had a different outcome had the counsel provided alternative assistance. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). Where a petitioner is unable to meet even the first prong of the test, his argument must be rejected. Id. The "threshold issue is not whether [defendant's] counsel was inadequate, rather it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.3d 222, 229 (6th Cir. 1992). The use of devices such as the stun belt are within the Court's discretion and are authorized by the Policy Directives of the U.S. Marshals' Service, and therefore the Court finds it reasonable that Petitioner's counsel did not contest this issue. Therefore, the Court finds that counsel's choice not to bring an issue regarding the stun belt at trial is not objectively deficient, and Petitioner's argument must be rejected.

For the foregoing reasons, the Court DENIES Petitioner's

Motion to Vacate (doc. 85), and DISMISSES this case from the Court's docket.  Further, the Court DECLINES to issue a certificate of appealability because the Court does not find that Petitioner has demonstrated "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (internal quotations omitted).  Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.


    SO ORDERED.


Dated: June 12, 2008    /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge