# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TRACY J. BUSCH,

      CIVIL CASE NO. 1:16-cv-905
      CRIMINAL CASE NO. 1:05-cr-030

      Petitioner,

      Judge Michael R. Barrett

    v.

UNITED STATES OF AMERICA,

      Respondent.

## **OPINION AND ORDER DENYING SECTION 2255 MOTION**

This matter is before the Court on Petitioner's second or successive motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C.A. § 2255 (the "second or successive motion") with an incorporated motion for appointment of counsel pursuant to 18 U.S.C.A. § 3006A(B). (Doc. 108). While those motions were pending, Petitioner moved for leave to amend this second or successive motion under Fed. R. Civ. P. 15(c) (Doc. 114), for leave to supplement this second or successive motion under Fed. R. Civ. P. 15(c) (Doc. 120), and for leave to amend that proposed supplement (Doc. 121). He has also made several stand-alone motions for appointment of counsel (Docs. 112, 116, and 119) a motion requesting speedy disposition (Doc. 118).

The Court has reviewed these filings, along with the responses (Docs. 111, 115, and 123) and replies (Docs. 113, 117, and 124) thereto. For the reasons set forth below, Petitioner's motions for appointment of counsel will be denied, his motions for leave to amend and supplement his second or successive motion will be denied, his second or successive motion will be denied, and his motion regarding speedy disposition will be denied as moot.

1

## I.   **BACKGROUND**

On September 21, 2005, a jury found Petitioner guilty of one count of a felon in possession of a firearm and ammunition under 18 U.S.C.A. § 922(g)(1) and one count of a felon in possession of ammunition under 18 U.S.C.A. § 922(g)(1). (Doc. 55). Following the imposition of his sentence, he appealed the judgment to the Sixth Circuit, which affirmed this Court's judgment. (Doc. 83). Petitioner then sought relief under an initial 28 U.S.C.A. § 2255 motion relative to trial issues. (Doc. 85). For reasons not relevant to the matter presently before this Court, the then-presiding Judge denied the motion on June 12, 2008 (Doc. 95), and his decision was affirmed on appeal to the Sixth Circuit. (Doc. 102). The Supreme Court denied review. (Doc. 105).

Approximately five years later, the Sixth Circuit granted Petitioner authorization to file a second or successive § 2255 motion relative to the length of his sentence. (*See* Doc. 106). In particular, Petitioner argued that his classification as an "armed career criminal" under the ACCA, which had enhanced his sentence, was invalidated by the Supreme Court's intervening decision in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). In *Johnson*, the Supreme Court examined the term "violent felony" as it appears in 18 U.S.C.A. § 924(e)(2)(B). *Id.* at 2555. This subsection falls within the portion of the ACCA that sets a minimum fifteen-year sentence for defendants that violate § 922(g) while having three prior violent felony convictions. 18 U.S.C.A. § 924(e)(1). Under § 924(e)(2)(B), a crime punishable by imprisonment of a term exceeding one year qualifies as a violent felony if it: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a

2

serious potential risk of physical injury to another[.]" This definition is parsed into three options, any one of which could—prior to *Johnson*—qualify a prior conviction as a violent felony: the "elements clause" contained in subsection (i), the "enumerated offense" clause in the first phrase of subsection (ii), and the "residual clause" in the second phrase of subsection (ii). *See, e.g., United States v. Burris*, 912 F.3d 386, 396–97 (6th Cir. 2019). The Court in *Johnson* held that this third category, the residual clause, is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.

Petitioner's designation as an armed career criminal depended upon the determination that his 1995 aggravated assault conviction under O.R.C. § 2903.12, his 1997 assault on a police officer conviction under O.R.C. § 2903.13, and his 2000 assault on a police officer under O.R.C. § 2903.13 were violent felonies under the ACCA. In particular, Petitioner argued that *Johnson* affected the designation as a violent felony of his 1997 assault on a police officer conviction. On that basis, the Sixth Circuit determined that Petitioner made a prima facie showing under 28 U.S.C.A. § 2255(h)(2), because his claim relied on a "new, substantive rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." (Doc. 106, citing *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016)).

Petitioner subsequently filed a motion for leave to amend the second or successive motion to add claims that the sentencing court did not explicitly determine under which clause of § 924(e)(2)(B) his enhanced sentence arose and that the sentencing court should have made a finding as to which documents it relied upon to enhance his sentence. In a subsequent motion for leave to supplement his pending, amended second or successive motion, Petitioner raised intervening Sixth Circuit authority as an

alternative, sufficient basis to find that his enhanced sentence is no longer lawful. This case, *United States v. Burris*, 912 F. 3d 386 (6th Cir. 2019), held that Ohio's felonious assault (O.R.C. § 2903.11) and aggravated assault (O.R.C. § 2903.12) statutes were too broad to "categorically qualify as violent-felony predicates." *Id.* at 402. Petitioner argues that *Burris* prohibits a court from using a generic O.R.C. § 2903.12(A) conviction, such as Petitioner's 1995 aggravated assault conviction, as a predicate for enhancing his sentence.

## II.    <u>STANDARD OF REVIEW</u>

A petitioner using § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (internal quotation omitted). Such contentions must be supported by a preponderance of the evidence. *Id.* A second or successive § 2255 motion requires, as relevant to this case, "[a] new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C.A. § 2255(h)(2). In light of the Supreme Court's decision *Johnson*, and as it pertains to the second or successive motion (in neither amended or supplemented form) that was considered by the Sixth Circuit in authorizing the filing, Petitioner's sentence remains valid to the extent that his three prior felonies are appropriately determined violent felonies under one of the clauses of § 924(e)(2)(B) that still pass constitutional muster: the elements clause or the enumerated offense clause. The parties focus their arguments on the elements clause.

## III. ANALYSIS

Before turning to the merits of Petitioner's second or successive motion, the Court first considers his requests for appointment of counsel and for leave to amend and supplement that second or successive motion.

### A. Petitioner's motions for appointment of counsel

Petitioner seeks the appointment of counsel under 18 U.S.C.A. § 3006A(a)(2)(B). As grounds, across his several motions, Petitioner cites limited and dated case law resources, the need for counsel's assistance in expanding the record and an evidentiary hearing, and the lack of a "level playing field." There is no constitutional right to counsel in proceedings under § 2255. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). A petitioner who brings a habeas petition under § 2255 has a right to appointed counsel only when "the interest of justice so requires." 18 U.S.C.A. § 3006A(a)(2)(B). As one district court has explained:

> Federal courts generally have endorsed the appointment of counsel to represent legally unsophisticated prisoners who are financially unable to obtain counsel in: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; and (5) factually complex cases. James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure, § 12.3b (3d ed.1998). A district court does not abuse its discretion, by declining to appoint counsel where the issues in the case are "straightforward and capable of resolution on the record" or the petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions." *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *Swazo v. Shillinger*, 23 F.3d 332, 333 (10th Cir. 1994); *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991).

*Camcho v. United States*, 4:10 CV 01650, 2010 WL 4365479, at *1 (N.D. Ohio Oct. 28, 2010).

The Court is not persuaded that appointment of counsel is appropriate here. This is not a capital case. The Court finds that Petitioner's briefing demonstrates his "'good understanding of the issues and the ability to present forcefully and coherently his contentions.'" *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991) (quoting *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir.1987)), superseded on other grounds by statute, 28 U.S.C.A. § 2254(d). Petitioner has successfully placed a second or successive § 2255 petition before this Court. His claims implicate questions of law that are capable of resolution without an evidentiary hearing. The interests of justice do not require the appointment of counsel in this case. *Harris v. Beckstorm,* No. 11–375–DLB–EBA, 2013 WL 4039802, at *18 (E.D. Ky. Aug. 7, 2013). Petitioner's Motions for Appointment of Counsel will be denied.

**B.**    **Petitioner's motions for leave to amend and supplement**

The second or successive motion, as originally filed, challenged Petitioner's status as an armed career criminal under the ACCA in view of intervening, substantive, and retroactive Supreme Court precedent in *Johnson* that arguably implicated the designation of his 1997 assault conviction. The government has characterized Petitioner's subsequent motions to alter the substance of that second or successive motion, via Fed. R. Civ. P. 15, as in fact a second or successive § 2255 motion. Respondent relies on 28 U.S.C.A. § 2244(b)(3)(A), which provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Supreme Court has construed the meaning of the term "application" in this statute to be "a filing that contains one or more 'claims.'" *Gonzalez v. Crosby*, 545

U.S. 524, 530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).  Further, a "claim" as used in § 2244(b) "is an asserted federal basis for relief . . . ."  *Id.*

As noted above, Petitioner seeks to amend his second or successive motion to add claims that the sentencing court failed to explicitly determine under which clause of § 924(e)(2)(B) his enhanced sentence arose and that the sentencing court should have made a finding as to which documents it relied upon to enhance his sentence.  He also seeks to supplement his second or successive motion to add a claim that an intervening change in Sixth Circuit authority (*Burris*, 912 F. 3d 386) has invalidated his sentence enhancement under § 924(e)(2)(B).  These various asserted grounds for federal relief, while generally related to Petitioner's challenged sentencing enhancement, are not directly implicated by the Supreme Court's decision in *Johnson*, which formed the basis for the Sixth Circuit's authorization of the pending second or successive motion.  Specifically, the Sixth Circuit here reasoned:

> It is unclear whether Busch's prior assault convictions are violent felonies under the elements clause because the record does not definitively show whether the convictions arose under Ohio Revised Code 2903.13(A) or § 2903.13(B), see *United States v. Price*, 559 F. App'x 496, 498 (6th Cir. 2014) (recognizing that an assault conviction under § 2903.13(A) is a violent felony and that a conviction under § 2903.13(B) is not a violent felony).

(Doc. 106).

Petitioner's motions for leave to amend and supplement unquestionably advance claims beyond the resolution of the narrow question identified by the Sixth Circuit: which subsection of O.R.C. § 2903.13 formed the basis of his convictions?  Granting Petitioner's motions for leave to amend and supplement would allow Petitioner to "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar."  *Gonzalez*, 545

7

U.S. at 532 (citing § 2244(b)(3)).  On that basis, the Court will deny Petitioner's Motion Requesting Leave to Amend, Motion for Leave to Supplement 28 U.S.C.A. § 2255 Motion, and Motion to Amend Supplemental Pleading.

Petitioner tries to avoid this result by asserting that the Sixth Circuit's authorization opened the door to a "fuller exploration" of his ACCA eligibility, generally.  But the Sixth Circuit's authorization is not without limits.  Petitioner's citation to *U.S. v. Campbell*, 168 F.3d 263 (6th Cir. 1999) regarding the scope of an appellate court's remand, generally, is not instructive in this context.  Consistent with the statutory structure of § 2255(h), successive habeas claims are subject to careful gatekeeping by the Sixth Circuit.  *See Sterling v. O'Brien*, No. Civ.A. 05CV78HRW, 2005 WL 1657086, *3 (E.D. Ky. July 14, 2005) ("The [Antiterrorism and Effective Death Penalty Act] imposed several statutory restrictions on prisoners' ability to file relief under 28 U.S.C. § . . . 2255, including . . . the stringent requirement that a prisoner who has already filed an unsuccessful § 2255 motion . . . must receive pre-authorization from the appropriate circuit court.").  To allow the compounding of successive claims on top of an already second or successive claim via the liberal amendment policies of the Federal Rules would be tantamount to ignoring the mandates of §§ 2244(b)(3)(A) and 2255(h).  Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts, Rule 12.  Petitioner also argues that Respondent "opened the door" to a general rehashing of his ACCA eligibility by addressing each of his prior convictions in its response to the second or successive motion.  Petitioner cites no authority for this proposition, and the Court finds that it suffers the same flaw of flouting federal habeas procedure just discussed.

**C.**     **The originally filed second or successive motion**

Having concluded that Petitioner's motions for leave to amend and supplement will be denied, the Court turns to the merits of the second or successive motion before the Court—namely, whether Petitioner's 1997 assault conviction under O.R.C. § 2903.13 was improperly considered a violent felony predicate due to reliance on the residual clause voided for vagueness in *Johnson*, 135 S. Ct. 2551*.*

The Sixth Circuit has cautioned that *Johnson* does not "open the door for prisoners to file successive collateral attacks any time the sentencing court *may* have relied on the residual clause."    *Potter v. United States*, 887 F.3d 785 (6th Cir. 2018) (emphasis in original).    Petitioner still maintains the burden to demonstrate that he is entitled to relief. *Id.* at 787–88.    That burden requires him to show that "it is more likely than not 'that the district court relied only on the residual clause in sentencing' him."    *Williams v. United States*, 927 F.3d 427, 439 (6th Cir. 2019) (quoting *Raines v. United States*, 898 F.3d 680, 685 n.1 (6th Cir. 2018)).    *Raines* limited *Potter*'s holding in this respect to situations in which (1) the movant is bringing a second or successive motion and (2) there is evidence that the movant was sentenced under a clause other than the residual clause . . . ." *Raines*, 898 F.3d at 685 n.1.    Both prongs are met here.

The Ohio criminal statute at issue is O.R.C. § 2903.13, which criminalizes the following conduct: "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn" and "(B) No person shall recklessly cause serious physical harm to another or to another's unborn."    While finding the whole of O.R.C. § 2903.13 "facially broad enough to encompass assault offenses that are not 'violent

felonies' under the ACCA[,]" convictions under O.R.C. § 2903.13(A), specifically, qualify as violent felonies. *United States v. Price*, 559 Fed. Appx. 496, 498 (6th Cir. 2014).

Generally, to determine whether a previous conviction falls within the elements clause, courts are to use a "categorical approach," which strictly limits the sentencing court's review to the statutory definition of the prior offense. But where the underlying criminal statute is divisible, a fact upon which the parties here agree, the Sixth Circuit employs the "modified categorical approach." *Braden v. United States*, 817 F.3d 926, 932 (6th Cir. 2016) (internal quotation omitted).[1] Under that approach, a sentencing court's review may include "'a limited class of documents … to determine which alternative formed the basis of the defendant's prior conviction.'" *United States v. Burris*, 912 F. 3d 386, 393 (6th Cir. 2019) (quoting *Descamps v. United States*, 570 U.S. 254, 257, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013)). Those limited documents generally include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16, 125 S. Ct. 1254, 161 L.Ed. 2d 205 (2005).

In response to the Sixth Circuit's authorization of the second or successive motion, Respondent furnished this Court with various *Shepard* documents from the Hamilton County Court of Common Pleas from which to determine whether Petitioner was sentenced under a clause other than the residual clause. (Doc. 111, Ex. A). Among

---

[1] Petitioner cites *Villanueva v. United States*, 191 F. Supp. 3d 178 (D. Conn. 2016), in which the district court found that the sentencing court had, in effect, defaulted to finding that a Connecticut assault conviction was a violent felony predicate based on the residual clause where the record did not reflect explicit discussion of the elements clause. This case—persuasive authority at best as it comes from outside this circuit—is particularly unavailing in view of the Second Circuit's subsequent decision vacating the ruling and remanding on the basis that the statute at issue *was* a violent felony predicate under Second Circuit authority applying the modified categorical approach. *Villanueva v. United States*, 893 F.3d 123, 128 and 132 (2d Cir. 2018).

10

these documents are an indictment in case number B9706460, which specifically references O.R.C. § 2903.13(A) in the caption and body of the document, and a subsequent Judgment Entry Revoking Community Control and Imposing Sentence in that same case, which references: "count 1:  Assault F4, *2903.13A*."  (Doc. 111, Ex. A at 006 and 013 (emphasis added)).  Taken together, these documents conclusively establish that Defendant's 1997 conviction constituted a "violent felony" under the elements clause. *Price,* 599 Fed. Appx. at 498 ("A conviction for assault under § 2903.13(A) . . . does qualify as a violent felony.").[2]

The fact that Petitioner pleaded "no contest" to the offense resulting in the 1997 conviction does not undermine this conclusion.[3]  While a plea of no contest is distinct from an admission of guilt, it is nevertheless "an admission of the truth of the facts alleged in the indictment . . . ."  *State ex rel. Stern v. Mascio*, 662 N.E.2d 370, 372 (Ohio 1996) (citing Ohio R. Crim. P. 11(B)(1) and (2)).  Upon a no contest plea, Ohio courts must "determine whether the facts alleged in the indictment . . . are sufficient to justify a conviction of the offense charged."  *Id.*  The nature of Petitioner's plea, therefore, does

---

[2] Because Petitioner's second or successive motion is capable of determination by application of the modified categorical approach, it is not necessary to address the parties' arguments relative to the Supreme Court's recent decision in *Voisine v. United States*, 136 S. Ct. 2273, 195 L. Ed. 2d (2016), which held that "[a] reckless domestic assault qualifies as a 'misdemeanor crime of domestic violence' under § 922(g)(9)."  *Id.* at syllabus.  The Sixth Circuit has recently held, following *Voisine*, that convictions for reckless conduct are no longer categorically insufficient to form the basis of violent felony predicates under § 924(e)(2)(B).  *Walker v. United States*, 769 Fed. Appx. 195, 199–200 (6th Cir. 2019), rehearing en banc denied, 931 F.3d 467 (6th Cir. 2019).  *Cf. United States v. Verwiebe*, 874 F.3d 258, 262 (6th Cir. 2017) (The [*Voisine*] Court left undecided whether its statutory interpretation should extend to other contexts).

[3] Although Petitioner does not challenge his 2000 conviction under O.R.C. § 2903.13 qualifying as a violent felony predicate, the Court notes that the Sixth Circuit's authorization references Petitioner's "convictions"—plural—as related to O.R.C. § 2903.13.  (Doc. 106).  Petitioner is silent on his 2000 conviction for good reason: Respondent has provided the "Judgment Entry: Sentence: Incarceration" and a nunc pro tunc entry of the same caption, each in case number B0002847, in which the offense is specifically identified as "Assault, 2903-13A" and which evidence that Petitioner was found guilty of that count after trial.  (Doc. 111, Ex. A at 018–019).

not undercut the resulting conviction's use as a violent felony predicate under the elements clause.

The Court finds no merit in the argument that the *Shepard* documents provided by Respondent are not properly before the Court. *Shepard* documents may be submitted for the first time on appeal. *United States v. Ferguson*, 681 F.3d 826, 833–34 (6th Cir. 2012). The Court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *Id.* at 834 (quoting *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)).

Consistent with *Potter*, Petitioner has filed a second or successive motion, and Respondent has directed this Court to evidence suggesting that Petitioner was sentenced using the elements clause of § 924(e)(2)(B). Accordingly, the Petitioner has not demonstrated that it is more likely than not that the sentencing court used the residual clause to qualify his 1997 conviction as a violent felony and his second or successive motion pursuant to *Johnson* must fail.

### D. <u>Motion requesting speedy disposition</u>

Petitioner's motion requesting speedy disposition (Doc. 118) is not grounded in case law or statutory authority. As a practical matter, the present Order decides all pending matters, rendering this motion moot.

## V. <u>CONCLUSION</u>

The Court acknowledges Petitioner's diligence in flagging intervening Sixth Circuit authority related to his 2005 sentence. In the realm of second or successive § 2255 petitions, however, this Court is constrained to limit its review to those claims specifically

12

authorized by the Sixth Circuit as the product of a new, previously unavailable, retroactive rule of *constitutional* law. 28 U.S.C.A. § 2255(h)(2) (emphasis added).

Consistent with the foregoing, Petitioner's motion for the appointment of counsel as incorporated into his second or successive motion (Doc. 108) and subsequent motions for the appointment of counsel (Docs. 112, 116, and 119), are hereby **DENIED**; Petitioner's motion requesting leave to amend (Doc. 114), motion for leave to supplement 28 U.S.C.A. § 2255 motion (Doc. 120), and motion to amend supplemental pleading (Doc. 121) are hereby **DENIED**; Petitioner's second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C.A. § 2255 (Doc. 108) is hereby **DENIED**; and Petitioner's motion requesting speedy disposition (Doc. 118) is hereby **DENIED** as moot.

The Court will not issue a certificate of appealability. *See* Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts, Rule 11(a). Petitioner's second or successive motion, decided on the merits, is not "debatable among reasonable jurists," subject to being "resolved differently on appeal[,]" or "adequate to deserve encouragement to proceed further." *Poandl v. United States*, No. 1:12-cr-00119-1 (1:16-vc-00286), 2017 WL 1247791, at *17 (S.D. Ohio April 5, 2017) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 7 N.4 (1983))). Petitioner has also failed to make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C.A. § 2253(c) and Fed. R. App. 22(b)).

**IT IS SO ORDERED**.

s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court